UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___25-20460-CR-HUCK/LOUIS___

18 U.S.C. § 641
42 U.S.C. § 408(a)(7)(B)
18 U.S.C. § 1347
18 U.S.C. § 1028A
18 U.S.C. § 981(a)(1)C)

FILED BY_____AT_____D.C.

Oct 16, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES OF AMERICA

v.

JOHN DOE, a/k/a "CARLOS EMILIO
OBREGON CORTES,"

     Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Background

1.     The Social Security Administration ("SSA") was an independent agency in the Executive Branch of the Government of the United States. Amongst its many missions and directives, the SSA assigned social security numbers to citizens and administered federally funded programs under the Social Security Act, 42 U.S.C. § 302 et seq. These programs (called "Title II Programs") include the Social Security Disability Insurance (SSDI) program that provides monthly benefits for people who have earned sufficient work credits and are unable to work due to a disability.

2.      Social security numbers (SSN) are unique identifiers needed to work, handle financial transactions, and determine eligibility for certain government services.

3.      The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to individuals who were sixty-five years of age or older or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

4.      Medicare was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b). Individuals who received benefits under Social Security or Medicare were commonly referred to as "beneficiaries."

5.      Medicare was subdivided into four program "parts" Part A (Hospital Insurance) covered inpatient hospital stays, care in a skilled nursing facility (after a hospital stay), hospice care, and some home health care. Part B (Medical Insurance) covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME"). Part C (Medicare Advantage) was a bundled option run by private insurance companies that are approved by Medicare. Part D (Prescription Drug Coverage) covered prescription drugs.

6.      Defendant, **JOHN DOE, a/k/a "CARLOS EMILIO OBREGON CORTES,"** was a resident of Miami-Dade County, Florida.

2

## COUNT 1
## Theft of Government Funds
## (18 U.S.C. § 641)

7.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

8.      From on or about February 11, 2021, through on or about August 3, 2025, in Miami-Dade County, in the Southern District of Florida, the defendant,

### JOHN DOE,
### a/k/a "CARLOS EMILIO OBREGON CORTES,"

did knowingly and willfully receive, conceal, and retain with the intent to convert to his own use and gain, money and a thing of value of the United States and of a department and agency thereof, the aggregate amount of which exceeded $1,000, that is, Social Security Benefits, knowing the Social Security Benefits to have been stolen, purloined, and converted, in violation of Title 18, United States Code, Section 641.

## COUNT 2
## Theft of Government Funds
## (18 U.S.C. § 641)

9.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

10.     From on or about April 15, 2021, through on or about August 31, 2025, in Miami-Dade County, in the Southern District of Florida, the defendant,

### JOHN DOE,
### a/k/a "CARLOS EMILIO OBREGON CORTES,"

did knowingly and willfully receive, conceal, and retain with the intent to convert to his own use and gain, money and a thing of value of the United States and of a department and agency thereof, the aggregate amount of which exceeded $1,000, that is, Medicare benefits from the United States

Department of Health and Human Services, knowing the benefits to have been stolen, purloined, and converted, in violation of Title 18, United States Code, Section 641.

### COUNT 3
### Social Security Fraud
### (42 U.S.C. § 408(a)(7)(B))

11. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

12. On or about February 11, 2021, in Miami-Dade County, in the Southern District of Florida, the defendant,

### JOHN DOE,
### a/k/a "CARLOS EMILIO OBREGON CORTES,"

for the purpose of obtaining something of value and for other purposes, did knowingly and intentionally, with the intent to deceive another person and organization, falsely represent his Social Security number to be XXX-XX-6781, when in fact, as the defendant well knew, Social Security number XXX-XX-6781 was not assigned to the defendant, in violation of Title 42, United States Code, Section 408(a)(7)(B).

### COUNT 4
### Health Care Fraud
### (18 U.S.C. § 1347)

13. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

14. From on or about April 15, 2021, through on or about August 31, 2025, in Miami-Dade County, in the Southern District of Florida, the defendant,

**JOHN DOE,**
**a/k/a "CARLOS EMILIO OBREGON CORTES,"**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program.

**PURPOSE OF THE SCHEME AND ARTIFICE**

15.     It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of false and fraudulent information to a health care benefit program; (b) concealing the submission of false and fraudulent information to a health care benefit program; (c) obtaining delivery of and payment for health care benefits, items, and services by means of false and fraudulent pretenses.

**MANNER AND MEANS OF THE SCHEME AND ARTIFICE**

The manner and means by which the defendant sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

16.     **JOHN DOE, a/k/a "CARLOS EMILIO OBREGON CORTES,"** used false and fraudulent documentation to apply for Medicare benefits to which he was not entitled. The false and fraudulent documentation included the personal identifying information of another person, "C.E.O.C."

17.     It was further part of the scheme that **JOHN DOE, a/k/a "CARLOS EMILIO OBREGON CORTES,"** signed forms attesting to the correctness of the information provided.

5

18.     **JOHN DOE, a/k/a "CARLOS EMILIO OBREGON CORTES,"** caused health care providers to submit claims to Medicare, for services rendered to him, in the approximate amount of $3.4 million in combination of Medicare's Part A, Part D, DME, Part B, and Ambulance claim types.

19.     As a result of such false and fraudulent claims, Medicare paid approximately $108,057.63 to providers on behalf of **JOHN DOE, a/k/a "CARLOS EMILIO OBREGON CORTES."**

### ACT IN EXECUTION OF THE SCHEME AND ARTIFICE

20.     On or about April 15, 2021, in Miami-Dade County, in the Southern District of Florida, the defendant did knowingly and willfully execute, and attempt to execute, the above described scheme and artifice to defraud a health care benefit program, in that the defendant used false or fraudulent pretenses, representations, or promises to defraud Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money, and property owned by and under the custody and control of Medicare, by using an SSN assigned to another person to apply for Medicare benefits and claiming the number as his own in the application, in violation of Title 18, United States Code, Section 1347.

### COUNT 5
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

21.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

22.     On or about February 11, 2021, in Miami-Dade County, Florida, in the Southern District of Florida, and elsewhere, the defendant,

**JOHN DOE,**
**a/k/a "CARLOS EMILIO OBREGON CORTES,"**

during and in relation to a felony violation of Title 18, United States Code, Section 641, that is

knowingly and willfully receiving, concealing, and retaining with the intent to concert to his own

use and gain, money and a thing of value of the United States and a department and agency thereof,

the aggregate amount of which exceeded the sum of $1,000, that is, Social Security benefits to

which the defendant was not entitled, knowing the benefits to have been stolen, purloined, and

converted, as charged in Count 1, did knowingly transfer, possess, and use, without lawful

authority, the means of identification of another person, that is the Social Security Number (ending

in 6781) issued in the name of "C.E.O.C.," in violation of Title 18, United States Code, Section

1028A(a)(1).

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully

incorporated herein for the purpose of alleging forfeiture to the United States of America of certain

property in which the defendant, · **JOHN DOE, a/k/a "CARLOS EMILIO OBREGON**

**CORTES,"** has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 641, as

alleged in this Indictment, the defendant shall forfeit to the United States any property, real or

personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title

18, United States Code, Section 981(a)(1)(C).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1347, as

alleged in this Indictment, the defendant shall forfeit to the United States any real or personal, that

constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of

the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

7

8

4.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to: a forfeiture money judgment which represents the value of any property which constitutes or is derived from proceeds traceable to the defendant's commission of the offenses. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United State Code, Section 853(p).

*[Space Left Intentionally Blank]*

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(2).

A TRUE BILL

_____
FOREPERSON

BRUCE O. BROWN

for JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

NIKOLE HICIANO
SPECIAL ASSISTANT UNITED STATES ATTORNEY

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.:** _____ |
| **v.** | |
| JOHN DOE, a/k/a "CARLOS EMILIO OBREGON CORTES" | **CERTIFICATE OF TRIAL ATTORNEY** |

/

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
[✓] Miami   [ ] Key West   [ ] FTP
[ ] FTL      [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take ___3___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    [✓]  0 to  5 days
   II   [ ]  6 to 10 days
   III  [ ]  11 to 20 days
   IV   [ ]  21 to 60 days
   V    [ ]  61 days and over

   (Check only one)
   [ ] Petty
   [ ] Minor
   [ ] Misdemeanor
   [✓] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Nikole Hiciano
Special Assistant United States Attorney
FL Bar No.          844411

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:**   John Doe, a/k/a "Carlos Emilio Obregon Cortes,"

**Case No:**

Counts #: 1-2

Theft of Government Funds

18 U.S.C. § 641
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Mandatory Min. Term of Supervised Release:** N/A
* **Max. Fine:** The greatest of $250,000 or twice the gross gain or twice the gross loss

Count #: 3

Falsely Representing a Social Security Number

42 U.S.C. § 408(a)(7)(B)
* **Max. Term of Imprisonment:** 5 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Mandatory Min. Term of Supervised Release:** N/A
* **Max. Fine:** The greatest of $250,000 or twice the gross gain or twice the gross loss

Count #: 4

Health Care Fraud

18 U.S.C. § 1347
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** N/A
* **Max. Term of Supervised Release:** 3 Years
* **Mandatory Min. Term of Supervised Release:** N/A
* **Max. Fine:** The greatest of $250,000 or twice the gross gain or twice the gross loss

Count #: 5

Aggravated Identity Theft

18 U.S.C. § 1028A(a)(1)

* **Max. Term of Imprisonment:** 2 Years, consecutive to any other term of imprisonment
* **Mandatory Min. Term of Imprisonment:** 2 years
* **Max. Term of Supervised Release:** 1 Year
* **Max. Fine:**  The greatest of $250,000 or twice the gross gain or twice the gross loss

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**