UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cr-20460-PCH

UNITED STATES OF AMERICA,

v.

JOHN DOE, a/k/a "CARLOS EMILIO
OBREGON CORTES,"

       Defendant.

_____/

## **REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant John Doe, a/k/a "Carlos Emilio Obregon Cortes," ("Defendant").[1] (ECF No. 20). Based upon the change of plea hearing conducted on February 27, 2026, this Court makes the following findings and recommends that the guilty plea be accepted.

1.     The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant,

---

[1] At the hearing and under oath, Defendant stated that his name is Juan Francisco De La Cruz Mejia, which is how I addressed him, and the name that appears with his signature on the Factual Proffer, ECF No. 24.

Defendant's attorney and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2.     The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3.     Defendant pled guilty to Counts 1 and 2 of the Indictment, which charge him with Theft of Government Funds, in violation of Title 18, United States Code, Section 641; Count 3, which charges him with falsely representing a social security number, in violation of Title 42, U.S.C. Section 408(a)(7)(B); Count 4, which charges him with Health Care Fraud in violation of Title 18, United States Code, Section 1347; and Count 5, which charges him with Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A(a)(1). I advised Defendant that the maximum sentence the Court could impose on each of Counts 1, 2, and 4 is a term of ten years imprisonment, followed by a term of supervised release of up to three years; that on Count 3, the maximum sentence that may be imposed is up to five years' imprisonment, followed by a term of supervised release of up to three years; and that on Count 5, the Court must impose a term of imprisonment of two years to run consecutive to any other sentence. I further advised the Defendant that the Court may impose a fine of up to $250,000 or twice the gross gain or loss, per Count; and a mandatory special assessment of $100.00 per count, which is due at the time of sentencing. Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4.     To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by

the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5.      Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6.      Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7.      Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2, 3, 4, and 5 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged. In addition, the undersigned specifically finds that the Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.

8.      A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

As I advised the Parties in open court, the Parties will have **THREE (3) CALENDAR DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.  Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. §

3

636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 27th day of February, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE